UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        **Plaintiff,**                    **CIVIL ACTION NO. 04-CV-72883-DT**

vs.

                                    **DISTRICT JUDGE VICTORIA A. ROBERTS**

**VERONICA D. JONES, et al.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Summary Judgment filed on November 28, 2006 (docket no. 37) be **GRANTED**.

**II.**     **REPORT:**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. (Docket no. 37). Defendant who is proceeding *pro se* has filed a Response brief. (Docket no. 41). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 33).

    *A.*     *Factual Background*

Plaintiff contends that Defendant Veronica Jones received a student loan in April 1986 and defaulted on it. The loan was guaranteed under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965. The holder of the promissory note filed a claim with the Guarantor. The Guarantor paid the claim and was reimbursed by the United States Department of Education. The Guarantor assigned its right and title to the loan to the Department of Education. Defendant now owes $6,192.75 for the principal of the loan, accrued interest, and administrative costs, according to Plaintiff.

A default judgment was entered earlier in this action. However, when her funds were garnished Defendant responded asserting that she was never served with the summons and complaint. Accordingly, Plaintiff stipulated to the setting aside of the default judgment and returning the garnished funds. Plaintiff has now filed this motion for summary judgment. Defendant Jones contends that although she attended the school in question in April 1986, she did not apply for this loan. She states that she paid for her course with assistance from her grandmother who is now deceased.

B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914-15 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

C.    *Analysis*

To recover on this promissory note, Plaintiff must show that Defendant Jones signed it, that the Plaintiff is the present owner or holder, and that the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *Proctor v. United States Dep't of Educ.*, 2006 WL 2430485 (6th Cir. Aug. 21, 2006) (initial burden is for government to show that defendant signed the note, received the loans, and

defaulted on repayment obligations). After Plaintiff has made this showing, the burden is on Defendant to set forth specific facts showing that there is a genuine issue for trial. *Lawrence*, 276 F.3d at 197.

Plaintiff has satisfied its burden on this motion. It has presented the student loan promissory note signed by Veronica Jones in April 1986. (Docket no. 37, attach. to ex. B). Plaintiff served Requests for Admission on Defendant in July 2006 to which Defendant has failed to respond. (*Id.* ex. B). Under Fed. R. Civ. P. 36(a), the matters requested to be admitted are deemed admitted due to the failure to respond. The three requests Plaintiff made were that Defendant admit: (1) that she applied for and received a student loan on or about April 1986; (2) that her signature appears on the Promissory Note attached; and (3) that she signed the Promissory Note attached. (*Id.*) These matters are therefore admitted by Defendant.

Plaintiff has also submitted a Certificate of Indebtedness from the United States Department of Education which certifies that the Department's records show that Defendant is indebted to the United States on this note because the debtor defaulted. (*Id.* ex. C). The lender assigned its rights under the loan to the United States. (*Id.*) This Certificate is dated May 8, 1997, and an affidavit by a loan analyst from the Department dated November 20, 2006 states that the Certificate is true and accurate. (*Id.* ex. D).

Defendant makes three arguments in her defense. She first contends that she did not sign the note at issue. (Docket no. 41 at 1). She states that she paid for her course with the help of her grandmother. However, Defendant has failed to submit an affidavit or any other evidence supporting these allegations. Defendant's statements in her brief do not raise a genuine issue for trial. *See Lawrence*, 276 F.3d at 197 (defendant's affidavit testifying that the debt had been paid was not enough to defeat the summary judgment motion); *Proctor*, slip copy at *2 (defendant's assertion that he had repaid student

loan insufficient to prevent summary judgment). Therefore, Defendant's bare assertion that she did not sign the note or receive the loan does not prevent the entry of summary judgment.

Defendant also argues that the debt has never appeared in her credit history. This may be true but it does not follow that the debt is not a valid one. There could be many reasons why this debt has not appeared in Defendant's credit history. One explanation could be because the debt has not been reported. Plaintiff has not stated that it has reported this debt to any credit agency. Accordingly, this argument does not prevent summary judgment from being granted.

Defendant's final argument in her Response is that an action on this alleged debt was previously dismissed in this district. She refers to civil action number 97-73852 which was an action against Veronica D. Jones by the United States. The Order of Dismissal reveals that the Court dismissed the action for the failure of the plaintiff to prosecute. It states that the case "is dismissed without costs and without prejudice to the right, upon good cause shown, to reopen the action within thirty (30) days." (No. 97-73852, docket no. 3 dated Mar. 18, 1998). Defendant argues that because Plaintiff did not reopen the case within 30 days this action should be dismissed. (Docket no. 41 at 2). The record shows that Plaintiff did not move to reopen that case within the time specified. However, this action is not a continuation of that earlier action. Rather, this action is an entirely new action. The question is therefore whether that earlier dismissal order affects this separate action.

The order of dismissal does not state whether the dismissal is with or without prejudice to Plaintiff filing a new action on the note, assuming that this is the same note previously sued upon. The docket sheet of the previous case shows that the dismissal was not the result of a motion by Defendant. Rather, it was the result of the Court's *sua sponte* action. Rule 41(b), Fed. R. Civ. P., provides that a dismissal for failure to prosecute upon the motion of the defendant is usually a dismissal on the merits. On the other hand, when the dismissal is a voluntary one under Rule 41(a), the dismissal is usually

without prejudice. Because the previous dismissal was not based upon the motion of the defendant, it should be treated as a dismissal without prejudice to the Plaintiff instituting a new action on the same note. *See Wolschlager v. Webber*, 2006 WL 839461 (E.D. Mich. Mar. 27, 2006) (noting that general practice in Sixth Circuit is to dismiss without prejudice cases for failure to prosecute; Rule 41(b) dismissals with prejudice reserved for those instances where the dismissal is on defendant's motion). Accordingly, the previous dismissal order does not prevent the entry of summary judgment in favor of Plaintiff in this action.

Plaintiff has shown that it is entitled to summary judgment, and Defendant has failed to carry her burden of showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 914-15. Therefore, Plaintiff's motion for summary judgment should be granted.

### III.    **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 04, 2007                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Veronica D. Jones and Counsel of Record on this date.

Dated: January 04, 2007                s/ Lisa C. Bartlett
                                       Courtroom Deputy